# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ARTURO HERNANDEZ,**
        **Petitioner,**

    **v.**                                  **Case No. 07C0417**

**PAM WALLACE,**
        **Respondent.**

## ORDER

On May 7, 2007, Arturo Hernandez filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2043, petitioner was convicted after a jury trial of delivery of more than forty grams of cocaine as a party to the crime and sentenced to thirteen years of imprisonment, followed by ten years of extended supervision. Petitioner is currently incarcerated at Stanley Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

First, petitioner asserts that his trial counsel was ineffective because he failed to make reasonable efforts to obtain a copy of electronic surveillance records prior to trial and failed to object to a defective jury instruction. This raises a colorable claim under the Sixth

and Fourteenth Amendments to the United States Constitution. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, petitioner asserts that the post-conviction court denied his ineffective assistance claims without a hearing. This is not an independent ground for relief.[1] Third, petitioner asserts that the jury considered inadmissible evidence that so clouded a crucial issue that the real controversy was not fully tried. This raises a colorable claim that petitioner was denied his Fourteenth Amendment due process right to a fundamentally fair trial. Fourth, petitioner asserts that reversal is appropriate in the interest of justice, and cites as facts supporting this ground those facts underlying his other claims. This is also not an independent ground for relief.

In conclusion, petitioner may proceed on claims that his trial counsel was ineffective for failing to seek evidence pertaining to electronic surveillance and failing to object to an erroneous jury instruction, and on a claim that the presentation of inadmissible evidence to the jury deprived petitioner of his right to a fundamentally fair trial.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's

---

[1] However, if petitioner establishes in these proceedings that his motion alleges facts which, if true, entitle him to habeas relief, then I can hold an evidentiary hearing as needed.

opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 14 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge