# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTURO HERNANDEZ,
          Petitioner,

    v.                                        Case No. 07C0417

PAM WALLACE,
          Respondent.

## ORDER

On May 7, 2007, Arturo Hernandez filed this petition for a writ of habeas corpus pro se pursuant to 28 U.S.C. § 2254. One week later, I screened the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, dismissing two of petitioner's claims and ordering respondent to answer the remaining claims. On June 1, 2007, petitioner filed a motion for appointment of counsel and an amended petition prepared by his proposed appointed counsel. On June 20, 2007, respondent filed a motion to dismiss for lack of jurisdiction, asserting that this is petitioner's second § 2254 petition.

As to the amended petition, petitioner's proposed appointed counsel added one additional claim – that petitioner's trial counsel was ineffective for failing to object to an officer's speculative and misleading testimony. This claim is cognizable in a habeas petition.

I now turn to petitioner's motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would

serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

Petitioner has provided sufficient evidence of seeking counsel on his own. However, petitioner has not submitted an affidavit of indigency or a prison trust account statement. As I stated on a telephonic conference regarding this case today, I am prepared to grant petitioner's motion to appoint counsel. The merits of petitioner's claims, without prejudging the petition, have arguable merit and some of the legal issues involved are quite complex. The issues involved with respondent's motion to dismiss for lack of

jurisdiction are particularly complex.  However, I cannot appoint counsel for petitioner until he proves that he is indigent.

**Therefore,**

**IT IS ORDERED** that petitioner shall file an affidavit of indigency, along with a prison trust account statement, within 30 days of the date of this order.

Dated at Milwaukee, Wisconsin, this 17 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge