# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTURO HERNANDEZ,
        Petitioner,

    v.                                     Case No. 07C0417

PAM WALLACE,
        Respondent.

## DECISION AND ORDER

Arturo Hernandez brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his state drug trafficking conviction on the ground that his trial counsel was constitutionally ineffective. Respondent moves to dismiss the petition for lack of jurisdiction, arguing that it is a second petition and therefore barred by 28 U.S.C. 2244(b). Petitioner admits that he initiated a previous case by filing a document entitled "Petition for Writ of Habeas Corpus," but argues that he did not bring it under § 2254 and that it does not bar the present action.

### I. PETITIONER'S PREVIOUS PETITION

On May 30, 2006, petitioner initiated a proceeding in this district by filing an unorthodox document along with $5 – the filing fee applicable to all petitions for habeas corpus. Hernandez-Escobar v. Bureau of Immigration & Customs Enforcement, Case No. 06-C-633 (E.D. Wis. 2006). Petitioner did not use the standard form for § 2254 petitions, which this district provides, and he did not mention § 2254 in his submission. He named as the respondent the United States Bureau of Immigration and Customs Enforcement ("ICE") and in the upper right-hand portion of the caption included the words "Immigration Detainer" along with a number, apparently referencing a detainer lodged against him.

Below the caption, petitioner wrote "Petition for Writ of Habeas Corpus." In the document, petitioner asked the district court to order ICE to lift the detainer and remove him to Mexico. In support of this request, petitioner stated that he was an illegal alien; that because he was an illegal, Wisconsin courts had no jurisdiction over him; and that Wisconsin was holding him in violation of the Thirteenth Amendment. He made a single cryptic reference to the general habeas statute, 28 U.S.C. § 2241, in the body of the petition. The clerk's office coded petitioner's filing as a § 2254 proceeding and assigned it to Judge Griesbach. On May 31, 2006, Judge Griesbach summarily dismissed it as meritless "pursuant to the Rules Governing § 2254 Cases or, alternatively, on this court's inherent authority." Id.

Petitioner's case was one of five filed by prisoners in May and June of 2006 raising virtually identical claims. The assigned judges (including myself) considered whether to characterize the cases as having been filed under § 2254, but ultimately, like Judge Griesbach, summarily dismissed them without deciding the issue. Manuel Antonio Aceves-Moreno v. Dep't of Homeland Security, Case No. 06-C-684 (E.D. Wis. 2006); Elias-Nieves v. Dep't of Homeland Security, Case No. 06-C-603 (E.D. 2006); Fuentes-Velasco v. Dep't of Homeland Security, Case No. 06-C-604 (E.D. Wis. 2006); Bautista-Sanchez v. Dep't of Homeland Security, Case No. 06-C-605 (E.D. Wis. 2006).

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not consider a second or otherwise successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate court of appeals. § 2244(b). If a prisoner files a successive § 2254 petition in a district court without having

obtained such authorization, the court must dismiss it for want of subject matter jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

However, "[n]ot all multiple collateral attacks are 'second or successive.'" Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). If the first petition was dismissed for technical reasons or for failure to exhaust state remedies – "deficiencies that the petitioner can cure before refiling" – then a subsequent petition does not implicate § 2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). Further, § 2244(b), by its own terms, applies only to a "second or successive habeas corpus application under section 2254." Thus, a petition filed under § 2241 or some other statute does not bar a subsequent § 2254 petition. Jacobs v. McCaughtry, 251 F.3d 596, 598 (7th Cir. 2001); Valona, 138 F.3d at 694 (7th Cir. 1998). The Supreme Court has indicated that a court should look to the substance of a filing to determine whether it is a § 2254 petition or "at least similar enough that failing to subject it to the same requirements would be inconsistent with [§ 2244(b)]." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).[1]

In the present case, the parties do not dispute that petitioner's 2006 case was dismissed on the merits but they disagree as to whether it was a § 2254 petition or a § 2241 petition. I think that the relevant question is more fundamental – was the filing a

---

[1] There is an exception to this general rule when a petitioner asks the court to rule on his claims under some other procedural vehicle but the court recharacterizes the case as one under § 2254 without prior notice and a warning. In such a case, the dismissal of the recharacterized filing does not count as a first § 2254 petition even though, in substance, it could be characterized as such a petition. Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005); Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 282 (2d Cir. 2003); see also Castro v. United States, 540 U.S. 375, 383 (2003) (regarding a motion under 28 U.S.C. § 2255); Carter v. United States, 312 F.3d 832, 832-33 (7th Cir. 2002) (same); Henderson v. United States, 264 F.3d 709, 711 (2001) (same).

3

petition for a writ of habeas corpus at all? Sections 2241 and 2254 govern the district courts' jurisdiction to consider a petition for a writ of habeas corpus but do not define the writ. The common law defines a petition for a writ of habeas corpus as "'a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that [the detainee] may be liberated if no sufficient reason is shown to the contrary.'" Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (quoting Wales v. Whitney, 114 U.S. 564, 574 (1885)); see also Black's Law Dictionary 715 (7th ed. 1990) (defining "habeas corpus" and "habeas corpus ad subjiciendum" with reference to the custodian and the demand for proof of the legality of custody). Though petitioner was a state prisoner in 2006, his 2006 filing did not name his state custodian or any other state actor as the respondent and did not ask anyone to justify his state detention. Further, though petitioner was subject to a federal detainer in 2006 and thus was also in federal custody, see Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 498-99 (1973), his 2006 filing did not challenge his federal custody but rather embraced it. Petitioner's 2006 case requested only that ICE immediately deport him.[2] A writ of habeas corpus is not a vehicle through which a person may compel an administrative action such as deportation.[3] Thus, petitioner's prior case was neither a § 2254 petition nor a § 2241 petition; it did not come within either section's grant of jurisdiction.

---

[2] A Second Circuit case noted that a similar petition had been properly characterized as a § 2241 petition, Duamutef v. INS, 386 F.3d 172, 176 n.3 (2004), but I disagree that a request for deportation should be characterized as coming within any habeas statute.

[3] The closest fit would be a writ of mandamus. 28 U.S.C. § 1361. However, a court could not have granted a writ of mandamus in response to a case such as petitioner's 2006 case. See Duamutef, 386 F.3d at 180-81.

4

Further, petitioner's 2006 case was not "similar" to a § 2254 petition such that it ought to implicate § 2244(b). See Gonzalez, 545 U.S. at 524. Petitioner did complain, in the body of his petition, that the state lacked jurisdiction to convict him and that it was enslaving him. However, if he had made the very same allegations and then asked only for money damages, the court would have properly dismissed the case without prejudice and permitted him to refile under 42 U.S.C. § 1983. See Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999). If petitioner refiled, his claim would surely be dismissed as frivolous and as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), but neither the original petition nor the refiling would serve as a first § 2254 petition for the purpose of § 2244(b). This is so because whether a filing is a habeas petition depends on the relief requested rather than the nature of the allegations pled. Although petitioner's 2006 request for relief, that ICE deport him, was not cognizable under any federal law and there would have been no point in allowing him to refile, the § 2244(b) analysis remains the same. The fact that the relief that petitioner requested would have affected his state custody does not change the analysis because the court lacked jurisdiction to grant such relief. Petitioner might as well have asked the court for assistance in breaking out of prison. Neither request is similar to a habeas petition.

Therefore, I conclude that petitioner's prior filing was not a "habeas corpus application under section 2254" and the present petition is therefore not barred by § 2244(b).

## IV. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that respondent's motion to dismiss is **DENIED**.

5

**IT IS FURTHER ORDERED** that respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 11 day of December, 2007.

/s_____
LYNN ADELMAN
District Judge